JUDGE BATTS

Matthew J. Oppenheim
Julie C. Chen
Oppenheim + Zebrak, LLP
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel: (202) 621-9027
Fax: (866) 766-1678
*Attorneys for Plaintiffs*

14 CV 3174

RECEIVED

MAY 05 2014

U.S.D.C. S.D. N.Y.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CENGAGE LEARNING, INC.;
PEARSON EDUCATION, INC.; and
JOHN WILEY & SONS, INC.,

      Plaintiffs,

v.

JAMAL YOUSUF and DOES 1-25.

---

Case No. _____

**COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT**
   **(17 U.S.C. , § 101, *et seq.*)**
2. **COPYRIGHT INFRINGEMENT**
   **(17 U.S.C. § 602)**
3. **TRADEMARK INFRINGEMENT**
   **(15 U.S.C. § 1114)**
4. **TRADEMARK COUNTERFEITING**
   **(15 U.S.C. § 1114)**
5. **UNFAIR COMPETITION AND FALSE**
   **DESIGNATION OF ORIGIN**
   **(15 U.S.C. § 1125(a))**

**DEMAND FOR JURY TRIAL**

---

      Plaintiffs Cengage Learning, Inc., Pearson Education, Inc., and John Wiley & Sons, Inc.

(collectively, "Plaintiffs"), for their Complaint against Jamal Yousuf and Does 1 - 25,

(collectively, "Defendants") allege, on personal knowledge as to matters relating to themselves

and on information and belief as to all other matters, as follows:

**INTRODUCTION**

1.      Plaintiffs are among the world's leading educational publishers.  They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.

2.      Defendants advertise, import and sell counterfeit textbooks to consumers in the United States and elsewhere over the internet.  Through a variety of different online marketplaces, Defendants advertise, promote, import and sell counterfeit textbooks.  The textbooks Defendants sell are not the legitimate and authorized versions published by Plaintiffs, but rather are counterfeit versions that infringe on Plaintiffs' copyright and trademark rights.

3.      Defendants advertise the books as though they are legitimate and authorized textbooks created and published by Plaintiffs.  Defendants identify the textbooks using the legitimate textbooks' names and authors, images of the covers of the textbooks that include Plaintiffs' marks and the ISBN reference numbers that identify the textbook.  Defendants often sell their counterfeit versions at a price below the market price for the legitimate books.  In so doing, Defendants undercut sales of authorized and legitimate textbooks.

4.      Though Defendants operate their businesses in English and direct their sales to customers in the United States, they often ship the counterfeit textbooks from Malaysia.  In many instances, the Malaysian addresses that are provided are false addresses intended to hide Defendants' identities.

5.      Even though Defendants have been told that textbooks they are selling are counterfeit, they have continued to sell the textbooks to consumers and distributors as though they are legitimate.

6.      Plaintiffs bring this Complaint for damages and injunctive relief to bring to an end and to seek redress for Defendants' infringement of Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, based on federal question jurisdiction.

8.      This is an action arising under the Lanham Act §§ 32, 42-43, 15 U.S.C. §§ 1114, 1124-1125, the Copyright Act, 17 U.S.C. § 101 *et al.*, and 19 U.S.C. § 1526.

9.      Personal jurisdiction in this district is proper because Defendants, without the consent or permission of Plaintiffs, imported, distributed and offered to distribute over the Internet, unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' trademarks, for which Plaintiffs have the exclusive rights.  Such unlawful conduct occurred in several jurisdictions in the United States, including this one, as Defendants have made sales into this District.

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(a).

## PARTIES

11.     Plaintiff Cengage Learning, Inc., formerly Thompson Learning, Inc. ("Cengage"), is a Delaware corporation with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

12.     Plaintiff John Wiley & Sons, Inc. is a New York corporation with its principal place of business at 111 River Street, Hoboken, New Jersey.

13.     Plaintiff Pearson Education, Inc. ("Pearson"), is a Delaware corporation with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

14.     Defendant Jamal Yousuf ("Yousuf") resides and conducts business from 14025 North 64th Drive, Glendale, Arizona 85306.

15.     The true names and capacities of the Defendant Does 1 through 25 (collectively "Doe Defendants") are unknown to Plaintiffs at this time.  Each Doe Defendant conducts business through either Amazon.com or eBay.com.  Each Doe Defendant imports and sells counterfeit textbooks as described herein.  Each Doe Defendant uses payment processors, such as PayPal, located in the United States.  Plaintiffs believe that information obtained in discovery will lead to the identification of Defendants' true names and permit Plaintiffs to amend this Complaint to state the same.

## GENERAL ALLEGATIONS

16.     Cengage is among the world's largest providers of tailored learning solutions.  In the academic marketplace, Cengage serves secondary, post-secondary, and graduate-level students, teachers, and learning institutions in both traditional and distance learning environments.  Cengage's products and services are sold throughout the world, through direct channels and via a worldwide network of distributors.  Cengage invests significant resources annually in the worldwide advertisement and promotion of its goods and services under all its marks.

17.     Wiley serves undergraduate, graduate, and advanced placement students and lifelong learners throughout the world.  Wiley publishes educational materials in print and electronic media.  Wiley's programs target the sciences, engineering, computer science, mathematics, business and accounting, statistics, geography, hospitality and the culinary arts, education, psychology, and modern languages.

18.     Pearson is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage.  With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many others, Pearson provides quality content, assessment tools, and educational services in all available media.

19.     Plaintiffs' publications include physical and digital textbooks, as well as online publications (collectively, "Textbooks").  These Textbooks are widely available in the marketplace for sale, rental, or subscription, including from physical and online bookstores.

20.     Plaintiffs invest heavily in Textbook publishing.  Each year they incur substantial costs for author royalties or other costs of content creation or licensing, copyediting and proofreading, and for typesetting, layout, printing, binding, distribution, and promotion, and for support of their editorial offices.

21.     The revenue from Plaintiffs' sales and rentals of Textbooks represents a substantial portion of Plaintiffs' respective annual revenues, and is therefore important to their financial health.

22.     Plaintiffs suffer serious financial injury when their copyrights and trademarks are infringed.  A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving Textbooks.  This would have an adverse impact on the creation of new Textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving Textbooks.

22.     Both publishers and authors alike are deprived of income when their Textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

### PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS

#### A. Plaintiffs' Respective Copyright Registrations

23.     Plaintiffs are the copyright owners of, and/or the owners of the exclusive rights under copyright in, inter alia, those works or derivative works described on Exhibit A (hereinafter, "Plaintiffs' Authentic Works").  Cengage, Wiley, and Pearson, or their affiliates, have each duly registered their respective copyrights in Plaintiffs' Authentic Works.

#### B. Plaintiffs' Respective Trademark Registrations

24.     Plaintiffs' Authentic Works bear trademarks and service marks as set forth on Exhibit B (hereinafter, "Plaintiffs' Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Registrar of the United States Patent and Trademark Office.  Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks.  Plaintiffs' Marks are distinctive and arbitrary and are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Plaintiffs and/or their predecessors invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with their Marks.

### COUNTERFEIT COPIES OF PLAINTIFFS' PUBLICATIONS

25.     Defendants advertise, import and sell Textbooks to consumers through a variety of online marketplaces, including Amazon.com and eBay.com.  Defendants conduct their business through a variety of online seller accounts which they have set up with the marketplaces.

26.     Among the known seller accounts are the following: (1) Wholesalebook Deals, (2) popstar_edu, (3) bookwholesale2008, (4) ace_hub, (5) Yumivvv, (6) Denver Hot Shot, (7) TextbookXpres, (8) Skydynamic, (9) Bookera, (10) Aspect Store, (11) Hamilton's Book Shop, (12) Protrader2008, and (13) nsautojapan.   Defendants may be operating other seller accounts of which Plaintiffs are not yet aware.

27.     It appears that Defendants began their infringing activities in roughly 2012 and are continuing in those activities now.  Defendants have imported and distributed counterfeit copies of Plaintiffs' Authentic Works bearing Plaintiffs' Marks (hereinafter, "Counterfeit Books").   The Counterfeit Books include both U.S. Editions of Plaintiffs' Textbooks, as well as International Editions of Plaintiffs' Textbooks.  They also include both hard cover and paperback editions.

15.     To conduct the business of selling the Counterfeit Books, Defendants utilize a variety of email accounts including but not limited to: jamalyousuf@hotmail.com, popstamm@gmail.com, wlsolution@hotmail.com, bookwholesales@gmail.com, ymwky2@gmail.com, ubooks2008@gmail.com.

16.     Defendants also utilize a variety of addresses as return addresses for their shipment of counterfeit textbooks.  Some of these addresses appear to be fictitious.  Among those addresses are the following:

- 14025 North 64th Drive, Glendale, Arizona 85306.

- Autorestyler, No. 15 USJ 6/4A, Subang UEP, 47610 Selangor, Malaysia.

- Eternis Beaute Dermal Physiologail, Chris, 82 JLN Wan Empok 1, SRI Petaling, 57000 Kuala Lampur, Malaysia.

- Autorestyler, No. 15 USJ 6/4A, Subang UEP, 47610 Selangor, Malaysia.

- Book-Union Sdn. Bdh., 3-03-1 Lorong Batu Nilam 1A, Bandar Bukit Tinggi, 41200 Klang, Malaysia.

- Sun Leng, 33333333333333, Seri Petaling, Seri Petaling 57000, Malaysia My.

- Text Books, 8 Jin Gasing 8, Petaling Jaya, 54100 Kuala Lumpur, Malaysia.

30.    Defendants appear to be working collectively because the Counterfeit Textbooks have similar characteristics, the sales are done exclusively online through well-known marketplaces, the shipments interchangeably use similar return addresses, and ultimately most of the Counterfeit Textbooks are being shipped from Malaysia.

31.    At the time that Defendants imported and sold the Counterfeit Books, Defendants knew or should have known that the Counterfeit Books were infringing.  The books Defendants are selling are obviously inferior to their legitimate counterparts.  Beyond that, Defendants' customers have complained about the quality of the products.  The comments provided on the marketplace accounts associated with Defendants have indicated that the books are counterfeit, pirated, are photocopies, and are of poor quality.  Notwithstanding, Defendants persist in selling the Counterfeit Books.

27.    Defendants knowingly supervised and controlled the importation and distribution of the Counterfeit Books, and had a direct financial interest in, and stood to gain a direct financial benefit from their deliberately infringing activity.

31.    By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants also personally induced, caused, and materially contributed to infringing conduct by others, including resellers to whom Defendants sold the Counterfeit Books.  The resellers would have further distributed the Counterfeit Books.

32.     Defendants did more than supply the means to facilitate the infringement of Plaintiffs' intellectual property rights.  They also substantially participated in, and orchestrated, such infringing activities.

33.     Defendants conspired and acted in concert with others to accomplish their scheme to commit the above acts, which they knew would violate Plaintiffs' intellectual property rights, including their copyrights and trademark rights in the Plaintiffs' respective Authentic Works.

34.     Defendants directed and controlled the infringing activities alleged in this Complaint and were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights, which they orchestrated.

35.     The Counterfeit Books are inferior to Plaintiffs' Authentic Works.  Among other differences, the binding, glue, paper, color and printing are often different and inferior.  Based on the use of Plaintiffs' trademarks, actual and prospective purchasers are likely to believe that the Counterfeit Books are Plaintiffs' Authentic Works.  Some of them are U.S. Editions, and others are International Editions.  Because the Counterfeit Books are inferior, this weakens, blurs, and tarnishes Plaintiffs' respective trademarks.  It further injures Plaintiffs' business reputations by causing their trademarks and the goodwill associated with them to be confused or mistakenly associated with a group or series of textbooks of lesser quality, as alleged above.

42.     While Plaintiffs have identified some of the Counterfeit Books that Defendants have infringed, Plaintiffs have not identified all of them.  Defendants' infringing activities are rampant.  Examples of Counterfeit Books that Plaintiffs are aware Defendants have imported and/or distributed include those described on Exhibit A.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*

43.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

44.     Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they have been duly registered by Plaintiffs with the United States Copyright Office and published by Plaintiffs in strict conformity with the Copyright Act and all laws governing copyrights.

45.     At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensee, of all rights, title and interest in and to their respective copyrights in Plaintiffs' Authentic Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

46.     Beginning on an unknown date but since 2012 and continuing to the present, Defendants, with knowledge of Plaintiffs' duly registered copyrights in the Authentic Works, infringed Plaintiffs' copyrights.  Specifically, Defendants infringed Plaintiffs' exclusive rights to reproduce and distribute to the public by sale or other transfer of ownership the copyrighted Authentic Works by, among other things, importing, distributing, and selling the Counterfeit Textbooks for profit, without the permission, license, or consent of Plaintiffs.

47.     Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

48.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

49.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless Defendants

are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. § 602

50.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

51.     Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, and have been duly registered by Plaintiffs and/or their affiliates or predecessors-in-interest with the United States Copyright Office and published by Plaintiffs in strict conformity with the Copyright Act and all laws governing copyrights.

52.     At all relevant times, Plaintiffs and/or their affiliates or predecessors-in-interest have been and still are the owners of all rights, title, and interest in and to their respective copyrights in the Authentic Works, which have never been assigned, licensed or otherwise transferred to any of the Defendants, nor have such rights been assigned, licensed or otherwise transferred to Defendants, nor have such rights in the Authentic Works been dedicated to the public.  Plaintiffs have all rights necessary to sue to enforce Plaintiffs' Authentic Works.

53.     Defendants deliberately imported Counterfeit Textbooks into the United States, and sold those copies through various mediums to an unknown number of actual and potential customers in the United States, all without Plaintiffs' permission or knowledge.

55.     Defendants imported Counterfeit Textbooks which were printed outside of the United States into the United States with the intention and purpose of distributing and selling such counterfeit copies in the United States and elsewhere, in violation of Plaintiffs' exclusive rights to import and distribute their works pursuant to 17 U.S.C. § 602.

57.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

58.     Defendants' unlawful conduct, as set forth above, was deliberate, intentional, malicious, and willful.

60.     Defendants' actions described above have cause and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

### THIRD CLAIM FOR RELIEF

**Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114**

61.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

62.     This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

63.     Without Plaintiffs' authorization, Defendants are importing, marketing, offering for sale, and selling in commerce Counterfeit Textbooks under Plaintiffs' Marks.

64.     Defendants' aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, all to Plaintiffs' irreparable harm.

65.     Plaintiffs are informed and believe, and on that basis allege, that Defendants will continue to use Plaintiffs' Marks unless enjoined.

66.     Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally-registered Marks, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Defendants threaten to further violate and infringe Plaintiffs' said rights.

67.     Plaintiffs are entitled to an order restraining and permanently enjoining Defendants from further use of Plaintiffs' Marks under 15 U.S.C. §§ 1116(a).

68.     Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

## FOURTH CLAIM FOR RELIEF

### Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)

69.     Plaintiffs reallege and incorporate herein by reference the allegations contained herein.

70.     Defendants are infringing the federally registered Plaintiffs' Marks through their use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the importation, sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

71.     Defendants are intentionally using Plaintiffs' Marks on unauthorized product. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

72.     The counterfeiting by Defendants of Plaintiffs' Marks has caused and will continue to cause irreparable injury to the reputation and goodwill of Plaintiffs for which Plaintiffs have no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing their counterfeiting activities, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further counterfeiting.

## FIFTH CLAIM FOR RELIEF

**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

77.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

78.     Defendants' acts and conduct constitute a false designation of origin, and are likely to cause confusion or mistake, or deceive as to affiliation, connection, or association of Defendants with Plaintiffs, and as to origin, sponsorship, and/or approval of such products by Plaintiffs.

79.     Defendants' use in commerce of Plaintiffs' Marks, on or in connection with their products, constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendants' unauthorized use of Plaintiffs' Marks on or in connection with their business and/or its products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs.  Plaintiffs are informed and believe, and on that basis allege, that Defendants willfully used and continue to use Plaintiffs' Marks with the intent to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the products, and with the intent to trade on the reputation and goodwill of Plaintiffs' Marks that were acquired by each of the respective Plaintiffs.

14

81.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable Plaintiffs' Marks.  Unless Defendants are restrained from further infringement of Plaintiffs' Marks, Plaintiffs will continue to be irreparably harmed.

82.     Defendants' acts of unfair competition, false designation, description and representation are causing Plaintiffs irreparable injury.  Defendants continue to commit such acts, and unless restrained and enjoined, will continue to do so, to Plaintiffs' irreparable injury. Plaintiffs' remedy at law is inadequate to compensate them for injuries inflicted and threatened by Defendants.

83.     Because of Defendants' conduct in violation of Section 43(a) of the Lanham Act, Plaintiffs are being injured and damaged, and are entitled to recover damages, Defendants' profits, and costs under 15 U.S.C. § 1117(a).

84.     Defendants used and are continuing to use Plaintiffs' Marks with full knowledge of Plaintiffs' rights, and in bad faith with willful and deliberate intent to trade on the substantial recognition, reputation, and goodwill of Plaintiffs' Marks.  In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.     Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2.      An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Counterfeit Textbooks with documents relating to all of the purchases and sales;

3.      That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

4.      An order enjoining Defendants from further infringing upon Plaintiffs' respective copyrights pursuant to 17 U.S.C. § 502;

5.      An order enjoining Defendants from further infringing upon Plaintiffs' respective trademarks;

6.      That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful use of their trademarks, as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

7.      That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations or reproductions, including confusingly similar variations, of Plaintiffs' respective copyrights and marks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

8.      That Defendants be required to pay actual damages and profits or statutory damages, at Plaintiffs' election, pursuant to 18 U.S.C. § 2318;

9.      An order enjoining Defendants from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

10.     An order preventing the further unfairly competitive acts by Defendants;

11.     For prejudgment interest at the applicable rate;

12.     Punitive damages;

13.     For attorneys' fees, costs, and costs of suit; and

14.     For such other and further relief the Court deems proper.


DATED:  May 5, 2014                                    Respectfully submitted,

                                            By:     _____
                                                    Matthew J. Oppenheim
                                                    Julie C. Chen
                                                    Oppenheim + Zebrak, LLP
                                                    4400 Jenifer Street NW, Suite 250
                                                    Washington, DC 20015
                                                    (202) 621-9027
                                                    matt@oandzlaw.com
                                                    julie@oandzlaw.com

                                                    *Counsel for Plaintiffs Cengage
                                                    Learning, Inc., John Wiley & Sons,
                                                    Inc., and Pearson Education, Inc.*