```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CENGAGE LEARNING, INC. et al.,

                Plaintiffs,

        v.                                    14 Civ. 3174 (DAB)
                                              MEMORANDUM & ORDER
GLOBONLINE SDN et al.,

                Defendants.
----------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On August 22, 2017 United States Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report"), recommending that a Judgment be entered for the Publisher Plaintiffs in the amount of $10,550,000 in damages plus any additional prejudgment interest. (R. & R. at 2). Specifically, Judge Ellis refused to award duplicative damages for Trademark and Copyright violations that arose out of the same injury. (Id. at 9-10). Plaintiffs object and seek recovery for both Trademark and Copyright violations. (Dkt. 167).

For the reasons set forth below, Plaintiffs' objections are DENIED. The Report and Recommendation of Magistrate Judge Ellis dated August 22, 2017 shall be adopted in full as to its factual recitations, findings, and recommendations. Accordingly, the Court enters judgment against Defendants (except Prameet Bhargava) in the amount of $10,550,000 plus prejudgment interest pursuant to 28 U.S.C. § 1961.

I.  Background

The facts in this case are set forth in detail in Judge Ellis's Report and will not be restated here. (See R. & R. at 2-5). Plaintiffs filed a timely objection to the Report on September 5, 2017. (Pls.' Obj. to R. & R. Regarding Damages ("Obj."), Dkt. 167).

II. Legal Standard for Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F. Supp.

2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

Plaintiffs do not object to the amount of the Report's ultimate damage award; rather, they object solely to the portion of the Report that precludes double recovery as a matter of law under the Copyright and Lanham Acts. (Obj. at 1-2).

III. Discussion

In his Report, Judge Ellis awarded damages only under the Copyright Act, rather than under both the Copyright and Lanham Trademark Acts. Plaintiffs seek recovery under both Acts.

The Report noted that a Court "may award damages under the Lanham Act and the Copyright Act when the 'two awards serve separate purposes.'" (R. & R. at 9 (citing Viacom Int'l Inc. v. Fanzine Int'l Inc., 98 Civ. 7448 (RCC), 2001 WL 930248, at *5 (S.D.N.Y. Aug. 16, 2001)). Yet when "damages for copyright infringement and trade secret misappropriation are coextensive," a plaintiff "may not obtain double recovery." (Id. (citing

Comput. Assocs. Int'l, Inc. v. Atlai, Inc., 982 F.2d 693, 720 (2d Cir. 1992)). Judge Ellis reasoned that when the "essence of a lawsuit is the selling and distribution of pirated copyrighted material, then the Copyright Act is the appropriate remedy." (Id. (citing Cengage Learning, Inc. v. Shi, No. 13 Civ. 7772 (VSB), 2017 WL 1063463, at *3 (S.D.N.Y. Mar. 21, 2017)).

This Court agrees.

Though few District Courts in this Circuit have addressed this issue head on, the recent trend among Courts is to preclude double recovery in cases involving the sale of pirated, copyrighted material. Such cases follow the general command of Indu Craft, which held that a "plaintiff seeking compensation for the same injury under different legal theories is of course only entitled to one recovery." Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir. 1995).

In Tu v. Tad System Technology, Inc., a case involving pirated software, Judge Townes rejected Plaintiffs' pleas for double recovery. No. 08-CV-3822 (SLT)(RM), 2009 WL 2905780, at *3-5 (E.D.N.Y. Sept. 10, 2009). She reasoned:

> "The provision for statutory damages serves a dual purpose—to compensate copyright owners and to deter potential infringers." N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc., No. 89 Civ. 6082 (RWS) (KAR), 1991 WL 113283, at *3 (S.D.N.Y. June 14, 1991) (citing Fitzgerald Publ'n Co. v. Baylor Publ'n Co., 807 F.2d 1110, 1117 (2d Cir. 1986)). First, awarding duplicative statutory damages under different legal theories fails to serve the first aim as compensation for the same injury could be and should be

> accomplished under a single grant of statutory damages. See Gucci v. Duty Free Apparel, Ltd., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) ("To the extent possible statutory damages should be woven out of the same bolt of cloth as actual damages") (internal quotation marks omitted). Second, while maximizing the judgment against Defendants through duplicative statutory damages may produce a greater deterrent effect, under the facts of this case, the broad range of statutory damages available under either the Copyright Act or Lanham Act is sufficient to put potential infringers "on notice that it costs less to obey [intellectual property] laws than to violate them." N.Y. Chinese TV Programs, Inc., 1991 WL 113283 at *4 (internal quotation marks omitted). Here, there is no doubt that the damages sustained by Plaintiffs are coextensive . . . .

Id. at 4-5.

More recently, in Cengage Learning, Inc. v. Shi, Judge Broderick was faced with identical allegations — and Plaintiffs — as those present here. Judge Broderick rejected Plaintiff Publishers' requests and adopted a Report that awarded damages under the Copyright Act only. See 2017 WL 1063463, at *3 ("I agree with Magistrate Judge Maas that a recovery of statutory damages under both Acts seems inappropriate here, as the awards would compensate the same injury . . . . Further, I agree with Magistrate Judge Maas's conclusion that recovery under the Copyright Act, rather than the Lanham Act, is the appropriate remedy here because 'Defendants' unauthorized sale of Plaintiff's

copyrighted materials is the substantial cause of their damages.").[1]

Other Courts agree. See, e.g., Telebrands Corp. v. HM Imp. USA Corp., No. 09-CV-3492 (ENV) (RLM), 2012 WL 3930405, at *6 (E.D.N.Y. July 26, 2012), report and recommendation adopted, No. 09-CV-3492 ENV RLM, 2012 WL 3957188 (E.D.N.Y. Sept. 10, 2012) ("[T]he clear weight of authority in this Circuit does not support plaintiff's demand for dual statutory damages for the same infringed product."); see also Marshall v. Marshall, No. 08 CV 1420 (LB), 2012 WL 1079550, at *23 (E.D.N.Y. Mar. 30, 2012), aff'd, 504 F. App'x 20 (2d Cir. 2012) ("The Court is mindful that plaintiff is not entitled to duplicative recoveries for the same intellectual property theft under multiple theories of liability." (internal quotations omitted)); Microsoft Corp. v. Comput. Care Ctr., Inc., No. 06-CV-1429 (SLT) (RLM), 2008 WL 4179653, at *9 (E.D.N.Y. Sept. 10, 2008) ("Under these circumstances, an award of statutory damages under both the Lanham and Copyright Acts would constitute impermissible dual recovery."); MuscleTech Research and Dev., Inc. v. East Coast Ingredients, LLC, No. 00-CV-753A, 2007 WL 655755, at *5 (W.D.N.Y. Feb. 26, 2007) ("Plaintiffs may not . . . recover separate awards

---

[1] The Court acknowledges that Judge Broderick was reviewing his Report for clear error, rather than de novo, because Plaintiffs missed their Objection deadline. Nonetheless, the Court agrees with Magistrate Judge Maas's reasoning and would likely find it to withstand de novo review.

for both its trademark violations and copyright infringement claims but, rather, must elect between the two theories to avoid a double recovery.").

In their objection, Plaintiffs raise the outlier case <u>Innovation Ventures, LLC v. Ultimate One Distribution Corp.</u>, 176 F. Supp. 3d 137 (E.D.N.Y. 2016), where the Court awarded both Trademark and Copyright damages because it found the Trademark and Copyright injuries distinct. 176 F. Supp. 3d at 175. Yet that case is inapposite. It involved Defendants who sold and marketed 5-hour energy drinks and swapped out copyrighted labels with counterfeit labels. Here, the work itself, a textbook, is copyrighted (as opposed to a label and brand of a drink that was both copyrighted and trademarked). Publisher Plaintiffs' claims arise primarily, if not exclusively, in copyright: they allege that Defendants sold counterfeit, copyrighted books. Their trademarked "brands" are peripheral to their Complaint. A scheme involving an energy drink product with counterfeit labels implicates far different concerns than a scheme selling counterfeit textbooks.

Accordingly, the Court follows the majority of Courts in this Circuit and finds that on the facts of this case, Plaintiffs are not entitled to double recovery under the Copyright and Lanham Acts. Plaintiffs' Objections are DENIED.

IV. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Ronald L. Ellis dated August 22, 2017, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations, findings, and recommendations in its entirety.

The Court enters judgment for Plaintiffs in the amount of $10,550,000. The awards, as laid out in the Defendant "Group" schedule of the Report, pages 2-4, are divided as follows:

Group I:[2] $2,250,000;

Group II:[3] $3,000,000;

Group III:[4] $2,300,000;

Group IV:[5] $2,550,000;

Group V:[6] $450,000.

---

[2] Group I: Globonline Sdn. Bhd. d/b/aTextbookXpres.com, Meglee Yak, and Sook Moy Wong.

[3] Group II: Akitrade Global SDN BHD, Kok Kit Lau a/k/a/ KK Lau, Justin Lau, Chew Siew Yee a/k/a C.S. Yee a/k/a Siew Yee Chew a/k/a Lynette Chew, Shuhan Tan, and Lee Chin Ming a/k/a Kenneth Lee.

[4] Group III: Lew Moy.

[5] Group IV: Wei Shein Choo aka May Steven Choo aka Leonghuanchyi Steven aka Chris Choo Wei Shein and Keng Yee Yumi Wee.

[6] Group V: Wong Kim Wah.

The Court also awards prejudgment interest pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to calculate prejudgment interest as set forth in 28 U.S.C. § 1961.

SO ORDERED.

DATED:   New York, NY
         April 25, 2018

_____
Deborah A. Batts
United States District Judge